OPINION OF THE COURT
Memorandum.
The order should be affirmed, with costs.
By the settlement agreement of March 18, 1976, the parties released one another from all claims arising out of the extra work save for the one "already asserted” in the present proceeding. Included among those so released was the claim which had been the subject matter of the prior proceeding. The earlier proceeding was the predicate for the affirmative defense that the plaintiffs present suit is barred because its subject matter is but the second part of an existing single cause of action which impermissibly has been split (930 Fifth Ave. Corp. v King, 42 NY2d 886, 887; 3 Carmody-Wait 2d NY Prac, § 16:1, p 73). By entering into the agreement, defendant in effect waived that defense.
We therefore reach the merits. On doing so, we conclude that the Trial Judge’s determination — that there was no error in the plaintiffs original method of computation and that, as a consequence, the moneys sought by the supplemental claim *714 here at issue were neither due nor owing — is well supported by the practical construction which the record at the Civil Court indicates was accorded the disputed lease provision by the parties themselves (Brooklyn Public Lib. v City of New York, 250 NY 495, 501; see Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 400; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291).